**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3964
_____

UNITED STATES OF AMERICA

v.

ROD PEREZ,
                    Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 2-11-cr-00862-001)
District Judge:  Honorable Katharine S. Hayden
_____

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2013
_____

Before: GREENAWAY, JR., SLOVITER and BARRY, Circuit Judges

(Opinion Filed: July 19, 2013)
_____

OPINION
_____

BARRY, Circuit Judge

     Appellant Rod Perez was found guilty at trial of eight drug-related offenses and

was sentenced to 120 months' imprisonment.  He appeals the decision of the District

Court denying his request to give the jury a supplemental instruction in response to two

of its questions. We will affirm.

On December 16, 2011, Perez was charged in an eight-count indictment, which included conspiracy counts involving the importation and distribution of heroin and cocaine, and counts of aiding and abetting the distribution and importation of those narcotics. During trial, among other instructions, the District Court charged the jury on accomplice liability in accordance with the Third Circuit's Model Jury Instruction § 7.02. *See* Supp. App. 155.

While the jury was deliberating, it sent a note asking two questions about the accomplice liability instruction. Specifically, it asked: "Is providing an instruction sufficient to show 'some act' for the purposes of the 3rd and 4th elements of aiding and abetting? Same question . . . but a suggestion rather than an instruction." App. 501. In broad summary, the third and fourth elements require the jury to find that a defendant knowingly did some act for the purpose of aiding or encouraging the commission of the specific offense charged, with the intent that that offense be committed, and that his act aid or encourage the commission of the offense.

During a discussion with the District Court about the jury's questions, the parties agreed that an instruction by the defendant would be sufficient to constitute an act for purposes of aiding and abetting liability, but disagreed as to whether a suggestion would be enough. The government argued that "a suggestion may be enough depending upon

---

[1] The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. This Court exercises jurisdiction under 28 U.S.C. § 1291.

the circumstances surrounding that suggestion." App. 506. On the other hand, Perez asserted that "a suggestion could not be sufficient because it is just inconsistent with what the jury would have to find beyond a reasonable doubt, to find that the instruction was with a specific intent to commit an offense." *Id.*

Although the District Court considered providing affirmative answers to the jury's questions, it ultimately declined to do so out of concern for unduly influencing the jury. The Court acknowledged that our caselaw had "given jurors and judges and lawyers every possible thing in the world to fill in for some act," and concluded that "getting too particularized [in answering these questions, would risk] driving a verdict in a way that is not [its] job to do." *Id.* at 520-21. Instead, the Court responded in the following manner:

> You have asked 2 questions that focus on the 3rd and 4th requirements which the government must prove beyond a reasonable doubt in order to find Mr. Perez guilty of aiding and abetting the crimes enumerated in Counts 3 and 4 and 7 and 8.
>
> It is for you to decide if the government has proven beyond a reasonable doubt that the defendant did some act and if that act was done knowingly and for the purpose of assisting the commission of the offenses charged in each of Counts 3 and 4 and 7 and 8 and with the intent that the charged offenses committed and that the act did in some way assist in the commission of the offenses charged in Counts 3 and 4 and 7 and 8. The act need not itself be against the law.

*Id.* at 522-23. Perez objected to the Court's response and asked the Court to instruct the jury that "a suggestion in and of itself would not be sufficient." *Id.* at 523.

Perez argues to us that the District Court abused its discretion in failing to give the jury appropriate guidance as to whether a suggestion could satisfy the "some act"

3

element. We review for abuse of discretion a district court's refusal to give a supplemental jury instruction and will reverse only if the decision was "'arbitrary, fanciful or clearly unreasonable.'" *United States v. Jackson*, 443 F.3d 293, 297 (3d Cir. 2006) (quoting *Stich v. United States*, 730 F.2d 115, 118 (3d Cir. 1984)).

There is no merit to Perez's argument that the District Court's response failed to give the jury appropriate guidance. Given the lack of context for the word "suggestion" in the jury's note and the potential impact of a supplemental instruction excluding "suggestion" from qualifying as "some act," the Court's measured response was neither arbitrary nor clearly unreasonable. *See* App. 521 ("[W]ho knows how [the jury is] defining a suggestion. Who knows what particular thing they believe that Mr. Perez did fits in. And I think by getting too particularized on this, we're making a decision for them and it is not our job it is their job."). Instead of risking unduly influencing the jury, the Court sufficiently answered the jury's question in referring to its previous instructions, and this decision was well within its discretion.

## II.

For the foregoing reasons, we will affirm the judgment of sentence.

4